UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MALCOLM D. HANSON,<br><br>            Plaintiff,<br><br>    v.<br><br>BADGER MEDICAL and ASHLEE, an employee of Badger Medical,<br><br>            Defendants. | Case No. 1:19-cv-00080-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Malcolm D. Hanson is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (Initial Review Order, Dkt. 11.)

Plaintiff has now filed several motions. The Court construes Plaintiff's Motion to Amend (Dkt. 17) as including an amended complaint. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the amended complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

1. **Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel. (Dkt. 19.) Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as the Court

concludes below, the amended complaint fails to state a federal claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits of those claims. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel.

2.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

3.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

4.  **Discussion**

Plaintiff brings his federal claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff has not plausibly alleged that either Defendant acted with objective or subjective deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth or Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Eighth Amendment medical treatment claims of prisoners); *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (due process medical treatment claims of pretrial detainees). Though the amended complaint contains more factual allegations regarding Plaintiff's medical treatment at the jail than the initial complaint (*see generally* Dkt. 17), it plausibly alleges—at most—that Defendants might have been negligent in treating Plaintiff. And negligence or medical malpractice is insufficient to support a § 1983 claim. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam). Therefore, Plaintiff's amended

complaint fails to state a plausible claim for relief under federal law. *See Iqbal*, 556 U.S. at 678.

5.  **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief under federal law, the Court will dismiss this case without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). Plaintiff's federal claims will be dismissed with prejudice. Plaintiff's state law claims will be dismissed without prejudice to Plaintiff's asserting them in state court, as the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's Motion to Appoint Counsel (Dkt. 19) is DENIED.
2.  Plaintiff's Motion to Amend Complaint and Motion to Review Amended Complaint (Dkt. 17 & 18) are GRANTED IN PART, to the extent the Court has reviewed the amended complaint (construed as included in Dkt.

17) under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

3. The amended complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 11), this entire case is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Plaintiff's federal claims are dismissed with prejudice, and Plaintiff's state law claims are dismissed without prejudice.

DATED: September 24, 2019

_____
B. Lynn Winmill
U.S. District Court Judge